# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

COFFEYVILLE RESOURCES                                                                                    PLAINTIFF
REFINING & MARKETING, LLC

v.                                               No. 4:08MC00017 JLH

LIBERTY SURPLUS INSURANCE
CORPORATION; ILLINOIS UNION
INSURANCE COMPANY; NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH,
PA; and WESTCHESTER FIRE INSURANCE COMPANY                      DEFENDANTS

## OPINION AND ORDER

Coffeyville Resources Refining & Marketing, LLC, has filed a motion to quash a subpoena served by National Union Fire Insurance Company of Pittsburgh, PA, on Center for Toxicology and Environmental Health ("CTEH"). Coffeyville Resources is the plaintiff in an action pending in the District of Kansas, Case No. 08-1204-WEB-KHM. According to Coffeyville Resources' motion, flooding on the Verdigris River inundated Coffeyville Resources' refinery, which resulted in an accidental release of 80,000 gallons of crude oil and 9,000 gallons of crude oil fractions. Coffeyville Resources spent in excess of $50 million to investigate and review oil damage loss claims, remediate the oil pollution, and resolve the claims. CTEH was engaged to perform environmental testing. Coffeyville Resources has brought the above mentioned action in the District of Kansas seeking indemnity from the named insurers for the remediation costs. As a part of the discovery in that case, National Union has served a document subpoena on CTEH. Coffeyville Resources has moved to quash that subpoena.

Coffeyville Resources primarily argues that the subpoena subjects CTEH to undue burden and expense by requesting documents that duplicate the documents that will be produced by

Coffeyville Resources. Coffeyville Resources also argues that the subpoena requires CTEH to disclose confidential business information belonging to Coffeyville Resources. National Union argues that Coffeyville Resources has no standing to move to quash the subpoena directed to CTEH and that the subpoena will not impose an undue burden on CTEH.

Ordinarily, a party does not have standing to quash a subpoena served on a non-party. *Nelson v. The Farm, Inc.*, 2007 WL 4570872, at *1 (D. Kan. Dec. 27, 2007). However, if a party claims a personal right or privilege regarding information sought by a subpoena directed to a non-party, that party has standing to move to quash or modify the subpoena. *The York Group, Inc. v. York Southern, Inc.*, 2006 WL 3392247, at *1 (E.D. Ark. Oct. 26, 2006); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995). Here, Coffeyville Resources has standing to quash the subpoena to the extent that it claims a personal right or privilege in the documents. Coffeyville Resources argues that the documents at issue contain its confidential business information and that CTEH has that information only because CTEH was hired by Coffeyville Resources to work on this project on its behalf. The protective order entered in the District of Kansas does not expressly encompass documents produced by non-parties. National Union has agreed that the documents produced by CTEH can be produced subject to that protective order even though the terms of the protective order do not expressly encompass them. Therefore, without objection, the Court orders that any documents produced by CTEH pursuant to the subpoena of National Union be deemed subject to the protective order entered in the District of Kansas unless and until that court enters an order excluding those documents form the purview of its protective order. Furthermore, the Court orders that Coffeyville Resources is authorized to designate documents produced by CTEH as "confidential"

pursuant to paragraph 5 of the Kansas protective order, unless and until the District of Kansas orders otherwise.

As noted, Coffeyville Resources primarily argues that the subpoena to CTEH should be quashed because it imposes an undue burden inasmuch as the same documents will be produced by Coffeyville Resources pursuant to Rule 34 of the Federal Rules of Civil Procedure. Rule 45(c)(1) of the Federal Rules of Civil Procedure provides that a party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Some cases have held that a party should first seek documents from the opposing party before seeking those documents from non-parties. *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977 (Fed. Cir. 1993); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637-38 (C.D. Cal. 2005). However, there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party. In many cases, it is important to obtain what should be the same documents from two different sources because tell-tale differences may appear between them; and in many cases when a party obtains what should be the same set of documents from two different sources a critical fact in the litigation turns out to be that one set omitted a document that was in the other set. Although there may be some instances in which it is appropriate for a court to prohibit a party from seeking duplicative documents, no such absolute rule is imposed by the Federal Rules of Civil Procedure.

Whether a party should be required to seek documents first from an opposing party before seeking them from non-parties relates to the timing and sequence of discovery. Rule 26(d) of the Federal Rules of Civil Procedure governs the timing and sequence of discovery. Rule 26(d)(2)

provides that unless the court orders otherwise methods of discovery may be used in any sequence and discovery by one party does not require any other party to delay its discovery. Because the action is pending in the District of Kansas, the court there has the authority to control and timing and sequence of discovery and is the court in the best position to do so. That court could, if it deemed it appropriate, enter an order requiring the parties to exchange documents before pursuing discovery from non-parties, but it has not done so. The District of Kansas entered a scheduling order on October 1, 2008, requiring that all discovery be completed by January 30, 2009. It would be difficult for the parties to complete discovery by January 30, 2009, if other district courts were to quash subpoenas to non-parties and impose sequence requirements as a condition of seeking discovery from non-parties. National Union has served document subpoenas on several non-parties in Kansas and Louisiana. Coffeyville Resources is seeking to quash those subpoenas as well as the subpoena served on CTEH. Thus, the District of Kansas has pending before it a motion that will give it the opportunity to address Coffeyville Resources' argument about the timing and sequence of discovery. For this Court to enter an order prohibiting National Union from seeking documents from CTEH until after the parties had exchanged documents would be an unwarranted interference in the authority of the court of the District of Kansas to control the timing and sequence of discovery.

    Coffeyville Resources has provided no information or evidence regarding the quantity of documents that CTEH will be required to produce pursuant to the subpoena, the amount of employee time that the document production will require, and the like. In other words, Coffeyville Resources has provided no evidence or information regarding the extent of the burden imposed on CTEH by the subpoena. CTEH has not moved to quash the subpoena. If the Court had been provided with evidence that the volume of documents was massive and the expense to CTEH significant, the Court

might find that the burden on CTEH was so great that National Union should be required first to obtain documents from Coffeyville Resources and then to seek only documents that were not duplicative; but no such showing has been made.

For all of these reasons, the motion to quash is DENIED. Document #1. However, the Court orders that the documents produced by CTEH be governed by the protective order entered by the District of Kansas, and that Coffeyville Resources be authorized to designate documents as "confidential," unless and until the District of Kansas orders otherwise.

IT IS SO ORDERED this 6th day of November, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE